UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

CHRISTOPHER ROSS,
                      Plaintiff,

v.

ARAMARK CORPORATION; CORRECT
CARE SOLUTIONS; COUNTY OF
WESTCHESTER; CAPTAIN THOMAS
ABRAMS; RABBI HOROWITZ; and
SERGEANT KITT, in their official and
individual capacities,
                      Defendants.

------------------------------------------------------------x

**OPINION AND ORDER**

18 CV 2246 (VB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/13/19

Briccetti, J.:

    Plaintiff Christopher Ross, proceeding pro se and in forma pauperis, brings this action

against defendants Aramark Correctional Services, LLC;[1] Correct Care Solutions, LLC ("CCS");

the County of Westchester (the "County"); Captain Thomas Abrams; Rabbi Horowitz; and

Sergeant Kitt. Plaintiff claims defendants violated his rights under, among other things, the First

and Fourteenth Amendments[2] and the Religious Land Use and Institutionalized Persons Act

("RLUIPA"), 42 U.S.C. § 2000cc, et seq., during plaintiff's pretrial detention at the Westchester

County Jail (the "Jail").

    Now pending are defendants' motions to dismiss the complaint pursuant to Rule 12(b)(6).

(Docs. ##24, 30, 34).

---

[1]    Incorrectly sued herein as "Aramark Corporation."

[2]    Plaintiff also invokes the Eighth Amendment. However, plaintiff alleges he was a
pretrial detainee at all relevant times. Accordingly, the Fourteenth Amendment, not the Eighth
Amendment, governs plaintiff's claims. See Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017).

1

For the following reasons, the motions are GRANTED. However, plaintiff is granted leave to file an amended complaint solely as to his First Amendment claims against the County and Rabbi Horowitz, in accordance with the instructions set forth below.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motions to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

Plaintiff alleges he was a pretrial detainee at the Jail at all relevant times.

I.    Denial of Medication

Plaintiff claims he suffers from cardiomyopathy, "[c]ardiac [h]eart [f]ailure," and sleep apnea. (Compl. ¶ 19). On April 3, 2017, CCS medical staff allegedly refused to provide plaintiff an unspecified medication before a court appearance, after plaintiff complained of chest pains and asked to see a nurse. Plaintiff says he saw a nurse later that day who allegedly falsely stated plaintiff had already "received his daily meds." (Id.).

II.   Cell Searches and Confiscation of Property

On April 26, 2017, non-party correction officers allegedly searched plaintiff's cell and confiscated a manila envelope containing plaintiff's medical records and grievances. When plaintiff asked why the envelope was confiscated, an officer allegedly replied, "You were given something you w[ere] not suppose[d] to have." (Compl. ¶ 22). An hour later, plaintiff's envelope was allegedly returned to him without all its contents. Although plaintiff claims he "tried to file[] a grievance on the matter and was denied" (id.), he also alleges he "received [a]

response" to a grievance he did file (id. ¶ 24). According to the complaint, the response stated that Jail staff had mistakenly confiscated plaintiff's property.

On June 14, 2017, Sgt. Kitt allegedly searched plaintiff's cell and saw rough drafts of a book and screenplay entitled "Da Blue Klux Klan," along with a "picture of the b[o]ok cover." (Compl. ¶ 26).[3] Plaintiff claims Kitt said he found the material offensive and confiscated the picture. Fifteen minutes later, Kitt allegedly returned with "two search team officers" who "approached the Plaintiff in a hostile manner" and searched him and his cell. (Id.). The officers purportedly confiscated the screenplay "and the [copyright] notice to the Plaintiff's publisher." (Id.). Plaintiff allegedly demanded a confiscation slip for those items but did not receive one.

Approximately an hour later, Kitt allegedly called plaintiff into Kitt's office and told plaintiff that "once [Kitt had] seen the said material[,] he needed to investigate." (Compl. ¶ 26). Kitt then allegedly threatened to have plaintiff "taken down to the booking area to have him beat up," and told plaintiff Kitt "d[id] not want to see any grievance or lawsuits" on the matter. (Pl. Opp. Br. at 14; see Compl. ¶ 26).

On June 18, 2017,[4] plaintiff claims Kitt again called plaintiff into Kitt's office and asked plaintiff why he was "putting pressure" on Kitt, which plaintiff understood to refer to plaintiff's grievance for confiscating and not returning some of plaintiff's "Da Blue Klux Klan" materials. (Compl. ¶ 27).

---

[3]     As paginated on the Court's Electronic Case Filing system, pages six and seven of the complaint are transposed.

[4]     The complaint alleges this event took place on "Sunday 18, 2017." (Compl. ¶ 27). The Court interprets this to mean June 18, 2017, because the complaint proceeds chronologically and June is the next logical month the 18th day of which fell on a Sunday.

On May 8, 2017, plaintiff alleges Capt. Abrams verbally threatened and harassed plaintiff by saying Abrams "would personally kick [plaintiff's] ass and finger his fart box" if he continued filing grievances. (Compl. ¶ 23).

III.  Kosher Meals and Religious Services

Plaintiff claims the County denied him kosher meals from March 27 through May 19, 2017. He alleges he filed a grievance on March 31, 2017, about being denied a kosher meal tray. Plaintiff also claims a May 16, 2017, entry in an "inmate [c]omplaint book" noted plaintiff had stated he "submitted multiple religious diet request forms[,] one as recently as Friday[,] May 12," but nonetheless had not received kosher meals. (Compl. ¶ 25). The entry also allegedly noted plaintiff's prison identification card stated "Jewish," and that defendant Horowitz, the Jail's rabbi, had confirmed having authorized plaintiff's forms requesting kosher meals. (Id.). The complaint book entry also allegedly stated Horowitz intended to meet with plaintiff the next day "to help [plaintiff] resolve the issue." (Id.). However, plaintiff claims Horowitz never met with him. Plaintiff contends the failure to provide him kosher meals chilled his "right to exercise [his] religious free[dom] for two months." (Id.).

Plaintiff further claims he was denied access to religious services because Horowitz never held them.

IV.  Food and the Commissary

Plaintiff alleges he filed a grievance asserting the County unlawfully permitted Aramark to serve "substand[ard] food and portions" at the Jail (Compl. ¶ 31), forcing inmates "to compensate for inadequate meals" by buying items from the Jail's commissary "at marked up prices" (id. at 10).[5] Plaintiff also claims Aramark levied an unlawful tax on food purchased at

---

[5]  Citations to "Compl. at ___" refer to page numbers assigned by the Court's Electronic Case Filing system.

the commissary; improperly sold items not meant for individual retail sale; fraudulently charged shipping and handling fees for items already at the Jail; and served Jewish detainees "food that [was] not in compliance with KASHRUTH Laws of [the] Jewish religion." (Id. ¶ 31).

## DISCUSSION

I.    Legal Standard

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted). Applying

5

the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges

civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir.

2008). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d

162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court

"invent factual allegations" a plaintiff has not pleaded. Id.

## II.    Monell Claims

Defendants argue plaintiff's claims against the County, CCS, and Aramark must be

dismissed for failure to state a claim under Monell v. Department of Social Services, 436 U.S.

658 (1978).

The Court agrees.

Under Monell, a municipality is liable under Section 1983 only "when execution of a

government's policy or custom, whether made by its lawmakers or by those whose edicts or acts

may fairly be said to represent official policy, inflicts the [plaintiff's] injury." Monell v. Dep't of

Soc. Servs., 436 U.S. at 694.

As private corporations under contract with Westchester County to provide food or

medical care to inmates, CCS and Aramark are properly subject to a Monell claim. See Mejia v.

City of New York, 119 F. Supp. 2d 232, 275 (E.D.N.Y. 2000) ("Monell applies with equal force

to private corporations sued under § 1983." (collecting cases)). Thus, to assert a Section 1983

claim against the County, CCS, or Aramark, plaintiff must allege the existence of an official

policy or custom that caused him injury, and a direct causal connection between that policy or

custom and the deprivation of a constitutional right. See Jones v. Town of East Haven, 691 F.3d

72, 80 (2d Cir. 2012).

A plaintiff may satisfy the "policy or custom" requirement by alleging one of the following: (i) "a formal policy officially endorsed by the municipality"; (ii) "actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question"; (iii) "a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware"; or (iv) "a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." Brandon v. City of New York, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010) (internal citations omitted).

Moreover, to adequately plead a custom or policy, a plaintiff must allege more than one instance of a constitutional violation, see DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) ("[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." (citing Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991)); and a plaintiff typically also must adequately plead similar incidents involving others, see, e.g., Iacovangelo v. Corr. Med. Care, Inc., 624 F. App'x 10, 14 (2d Cir. 2015) (summary order) (affirming dismissal of Monell claim and noting, "other than the plaintiff, the amended complaint provides only one additional example of a similar incident").[6]

Here, the complaint, liberally construed, alleges the County, CCS, and Aramark engaged in four unlawful policies or customs. Namely, plaintiff claims (i) the County failed to provide him kosher meals and religious services; (ii) the County failed to train its employees and denied plaintiff medical treatment and adequate food; (iii) CCS deprived plaintiff of proper medical care

---

[6]     Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

when an unnamed nurse refused plaintiff's request for medication; and (iv) Aramark's low-quality food and lack of kosher meals forced plaintiff to buy food from the commissary at inflated prices.

As for plaintiff's allegations concerning denials of kosher meals, religious services, medication, and adequate food, plaintiff fails to allege that any other inmate suffered a similar constitutional violation. Rather, the complaint alleges instances involving only himself.[7] The complaint likewise alleges no facts suggesting any defendant failed to train its employees, nor does it identify how or when such a failure allegedly occurred. Further, "[i]nmates have no constitutional right to purchase items from the prison commissary," see, e.g., Vega v. Rell, 2011 WL 2471295, at *25 (D. Conn. June 21, 2011) (collecting cases); thus, plaintiff's allegations concerning items sold at the Jail's commissary cannot support a constitutional claim.

For all these reasons, plaintiff's allegations fail to state a Monell claim against any defendant as a matter of law.

Accordingly, the Court dismisses plaintiff's Section 1983 claims against the County, CCS, and Aramark.

III.    Defendant Horowitz

Horowitz argues plaintiff's claims against him must be dismissed for failure adequately to plead his personal involvement in an alleged constitutional violation.

The Court agrees.

A plaintiff asserting a Section 1983 claim plausibly must allege each defendant's personal involvement in a constitutional violation. Provost v. City of Newburgh, 262 F.3d 146,

---

[7]     Two paragraphs of the complaint, as originally filed, describe a grievance another detainee allegedly submitted respecting the Jail's failure to serve kosher meals in compliance with Kashruth Laws. By order dated April 17, 2018, this Court ordered those paragraphs (among others) stricken from the complaint. (See Doc. #6 at 2).

154 (2d Cir. 2001); see Ashcroft v. Iqbal, 556 U.S. at 676. Thus, "[a]n individual cannot be held liable for damages under § 1983 'merely because he held a high position of authority.'" Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)).

Liberally construed, the complaint asserts First Amendment claims against Horowitz for (i) failing to arrange for plaintiff to receive kosher meals, and (ii) failing to hold religious services for or otherwise meet with plaintiff.

First, the complaint lacks any allegations suggesting Horowitz knew of but failed to remedy plaintiff's lack of kosher meals; created or countenanced a policy or custom under which plaintiff did not receive such meals; acted with gross negligence in supervising subordinates; or otherwise acted with deliberate indifference. Cf. Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).[8]  To the contrary, plaintiff claims a prison complaint book noted Horowitz authorized plaintiff's request for kosher meals and planned to meet with plaintiff on May 17, 2017, to help arrange for plaintiff to receive kosher meals. Plaintiff alleges he then began receiving kosher meals on May 19, 2017, two days after Horowitz planned to speak with him. These allegations plainly do not adequately plead Horowitz's personal involvement in a failure to provide plaintiff kosher meals.

Second, plaintiff fails to allege he ever requested that Horowitz hold religious services for or otherwise meet with him, and that Horowitz denied such a request. Absent such an allegation, or any other alleged facts linking Horowitz to an alleged lack of religious services, plaintiff fails adequately to plead Horowitz's personal involvement in a violation of plaintiff's constitutional

---

[8]     The Second Circuit has noted, without deciding, that the five types of liability articulated in Colon v. Coughlin may not all have survived the Supreme Court's holding in Ashcroft v. Iqbal. See Reynolds v. Barrett, 685 F.3d 193, 205 n.14 (2d Cir. 2012). The Court need not decide this issue, because plaintiff does not plausibly allege any defendant was personally involved in any of these five ways in a violation of plaintiff's constitutional rights.

right freely to exercise his religion. See George v. County of Westchester, 2018 WL 3364393, at *6 (S.D.N.Y. July 10, 2018) (citation omitted) (finding no personal involvement because plaintiff "failed to adequately allege that Rabbi Horowitz was either directly involved in this deprivation or, alternatively, that the Rabbi had any role in the creation or continuation of [the Jail's] congregational worship policies").

Accordingly, the Court dismisses plaintiff's First Amendment claims against Horowitz.

## IV.    Verbal Threats

Defendants argue plaintiff's claims arising from Sgt. Kitt's verbal threats against plaintiff must be dismissed.

The Court agrees, and for the same reason dismisses plaintiff's claims against Capt. Abrams.[9]

"Verbal harassment or profanity alone, unaccompanied by any injury, no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and is therefore not actionable." Myers v. City of New York, 2012 WL 3776707, at *9 (S.D.N.Y. Aug. 29, 2012) (alteration omitted) (citation omitted); see also Cole v. Fischer, 379 F. App'x 40, 43 (2d Cir. 2010) (summary order). Moreover, the complaint alleges plaintiff filed grievances against both Abrams and Kitt despite their warnings not to do so; and the complaint does not assert their alleged threats prevented plaintiff from engaging in constitutionally protected conduct of any kind.

Accordingly, plaintiff's claims arising from Kitt's alleged threats are dismissed, and plaintiff's claims arising from Abrams's alleged threats are dismissed sua sponte. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

---

[9]    Capt. Abrams has not been served in this action.

V.     Fourth Amendment

In an abundance of caution, the Court addresses whether the complaint adequately pleads

a Fourth Amendment claim against Kitt for violating plaintiff's right to be free from

unreasonable search and seizure during the June 14, 2017, search of plaintiff's cell.[10]

It does not.

"A right of privacy in traditional Fourth Amendment terms is fundamentally

incompatible with the close and continual surveillance of inmates and their cells required to

ensure institutional security and internal order" in prisons and jails. Hudson v. Palmer, 468 U.S.

517, 527–28 (1984). "[P]rison officials are presumed to do their best to evaluate and monitor

objectively the security needs of the institution and the inmates in their custody, and then to

determine whether and when such concerns necessitate a search of a prison cell." United States

v. Cohen, 796 F.2d 20, 23 (2d Cir. 1986) (emphasis omitted). Thus, when a prison official

initiates the search of a pretrial detainee's cell, the search is not "subject to constitutional

challenge, regardless of whether security needs could justify it." Id. at 24.

Accordingly, plaintiff's Fourth Amendment claim against Kitt, if any, is dismissed.

VI.    Deprivation of Property

Kitt also argues plaintiff fails to state a Section 1983 claim against him for confiscating

the "Da Blue Klux Klan" materials from plaintiff's cell.

The Court agrees.

The Constitution requires that "a deprivation of life, liberty, or property be preceded by

notice and opportunity for hearing appropriate to the nature of the case." Chase Grp. Alliance

---

[10]    Plaintiff alleges he was subjected to an unconstitutional search and seizure on April 26,
2017. (See Compl. ¶ 22). However, plaintiff claims that search was performed by and at the
direction of officers not party to this lawsuit, and the complaint contains no allegations
suggesting any practice or policy of unconstitutional searches at the Jail. Thus, the Court will
not further address the April 26, 2017, search.

LLC v. City of N.Y. Dep't of Fin., 620 F.3d 146, 150 (2d Cir. 2010) (quoting Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985)). Thus, to adequately plead a Section 1983 claim based on an unconstitutional deprivation of property, a plaintiff must allege (i) he possesses a property interest, and (ii) he was deprived of that interest without adequate due process. Ciambriello v. County of Nassau, 292 F.3d 307, 313 (2d Cir. 2002) (citing Green v. Bauvi, 46 F.3d 189, 194 (2d Cir. 1995)).

"[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. at 533.

Here, such a remedy was available to plaintiff in the form of a lawsuit in the New York State Court of Claims. See Davis v. New York, 311 F. App'x 397, 400 (2d Cir. 2009) (summary order) (finding Court of Claims action is an adequate postdeprivation remedy that precludes prisoner's due process claim for lost personal property). The alleged taking of plaintiff's property therefore cannot support a claim against Kitt under federal law.

Accordingly, the Court dismisses plaintiff's Section 1983 claim against Kitt for depriving plaintiff of his property in violation of the Fourteenth Amendment.

VII.    RLUIPA

Defendants argue plaintiff's RLUIPA claims should be dismissed.

The Court agrees.

First, "RLUIPA does not authorize claims for monetary damages against state officers in either their official or individual capacities." Holland v. Goord, 758 F.3d 215, 224 (2d Cir.

2014) (citing <u>Washington v. Gonyea</u>, 731 F.3d 143, 145–46 (2d Cir. 2013) (per curiam)).
Instead, a plaintiff may seek only equitable relief under RLUIPA. <u>See</u> <u>id.</u>

Second, "[a]bsent any request for prospective relief to remedy ongoing violations of
federal law," the Eleventh Amendment bars "a declaration that the defendants violated the
plaintiff's constitutional rights." <u>Hill v. Chapdelaine</u>, 2017 WL 62511, at *2 (D. Conn. Jan. 5,
2017) (citations omitted). Plaintiff does not seek a prospective declaration with respect to his
RLUIPA claims. Rather, he alleges defendants violated RLUIPA in the past: plaintiff was at
some point transferred from the Jail to Greene Correctional Facility, and he was released from
custody in November 2018. (<u>See</u> Doc. #54).

Thus, the Court dismisses plaintiff's RLUIPA claims.

VIII.  <u>Remaining Federal Law Claims</u>

Because plaintiff has not adequately pleaded an underlying violation of his constitutional
rights, his claims for conspiracy and for neglect to prevent a constitutional violation fail as a
matter of law. <u>See</u>, <u>e.g.</u>, <u>Singer v. Fulton Cty. Sheriff</u>, 63 F.3d 110, 119 (2d Cir. 1995) ("[A]
plaintiff alleging a § 1983 conspiracy claim must prove an actual violation of constitutional
rights."). The Court therefore dismisses plaintiff's claims under 42 U.S.C. §§ 1985 and 1986.

Plaintiff also invokes 42 U.S.C. § 1988; the Civil Rights of Institutionalized Persons Act
("CRIPA"), 42 U.S.C. § 1997 <u>et seq.</u>; and the Universal Declaration of Human Rights. None of
those statutes creates a private right of action. <u>See</u>, <u>e.g.</u>, <u>Lefcourt v. Legal Aid Soc.</u>, 445 F.2d
1150, 1154 n.2 (2d Cir. 1971) (Section 1988); <u>Kee v. Hasty</u>, 2004 WL 807071, at *25 (S.D.N.Y.
Apr. 14, 2004) (CRIPA); <u>Guichardo v. Hanson</u>, 2015 WL 6866308, at *4 (E.D.N.Y. Nov. 6,
2015) (Universal Declaration of Human Rights). Accordingly, any such claims are dismissed.

Lastly, plaintiff invokes the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C.

§§ 2000bb et seq. The Supreme Court has "invalidated RFRA as applied to States and their

subdivisions." Cutter v. Wilkinson, 544 U.S. 709, 715 (2005) (citing City of Boerne v. Flores,

521 U.S. 507, 532–36 (1997)). Plaintiff thus cannot state a viable claim under that statute.

IX.    State Law Claims

Plaintiff's federal claims having been dismissed, there remains no claim over which the

Court has original jurisdiction. The Court declines to exercise supplemental jurisdiction over

any state law claims plaintiff's complaint may be liberally construed to present, see 28 U.S.C.

§ 1367(c)(3), and dismisses any such claims without prejudice.

X.    Leave to Amend

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when

justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se

litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a

valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (quoting Satchell v. Dilworth, 745

F.2d 781, 785 (2d Cir. 1984)). District courts "should not dismiss [pro se complaints] without

granting leave to amend at least once when a liberal reading of the complaint gives any

indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir.

2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).

However, leave to amend may "properly be denied for . . . 'futility of amendment.'"

Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371

U.S. 178, 182 (1962)). This is true even when a plaintiff is proceeding pro se. See Terry v.

Incorporated Village of Patchogue, 826 F.3d 631, 633 (2d Cir. 2016) (citing Cuoco v. Moritsugu,

222 F.3d at 112). "An amendment to a pleading is futile if the proposed claim could not

withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002) (citation omitted).

As to all but plaintiff's First Amendment claims against Horowitz and Westchester County, the complaint, even liberally construed, contains no allegations suggesting plaintiff has a valid claim he "inadequately or inartfully pleaded" and "should therefore be given a chance to reframe." Cuoco v. Moritsugu, 222 F.3d at 112. Accordingly, with the exception of plaintiff's First Amendment claims, the Court concludes plaintiff would not be able to state a valid claim if given an opportunity to amend his complaint; thus, amendment would be futile.

However, the complaint does give some indication plaintiff's First Amendment allegations against Horowitz and the County might potentially state a viable claim. Assuming plaintiff's allegations are true, a two-month failure to provide kosher meals and a failure to hold Jewish religious services could conceivably violate the First Amendment. If plaintiff were plausibly to allege Horowitz's personal involvement or a County practice or policy of denying detainees kosher meals or religious services, plaintiff conceivably could state a claim against one or both of those defendants.

Because a liberal reading of the complaint indicates a valid First Amendment claim might be stated against Horowitz and Westchester County only, and because plaintiff has not previously amended the complaint, the Court grants plaintiff leave to file an amended complaint and replead his First Amendment claims to the extent he can do so clearly, concisely, truthfully, and plausibly.

To the greatest extent possible, plaintiff's amended complaint must address the deficiencies identified in this Opinion and Order and must:

15

1.    describe all relevant events, stating the facts that support plaintiff's case, including what Horowitz and Westchester County did or failed to do;

2.    include any details plaintiff may provide regarding the provision of kosher meals and Jewish religious services at the Jail; and

3.    describe exactly what happened concerning kosher meals and Jewish religious services.

Finally, the amended complaint will completely replace, not supplement, the existing complaint. Therefore, plaintiff must include in the amended complaint all information necessary for his First Amendment claims. However, plaintiff is directed to include in his amended complaint only those facts and documents he believes plausibly support a violation of his constitutional rights. Plaintiff shall not burden the Court with extraneous facts or documentation regarding issues already resolved.

## CONCLUSION

The motions to dismiss are GRANTED. However, plaintiff is granted leave to file an amended complaint solely as to his First Amendment claims against the County and Rabbi Horowitz, in accordance with the instructions set forth above.

Plaintiff shall file his amended complaint by no later than April 15, 2019, and shall utilize the amended complaint form attached hereto. If plaintiff fails to do so, the Court may deem plaintiff to have abandoned his case and may dismiss the case for failure to prosecute or failure to comply with a court order. Fed. R. Civ. P. 41(b).

The Clerk is instructed to (i) terminate the motions (Docs. ##24, 30, 34), and (ii) terminate defendants Aramark Corporation, Correct Care Solutions, Captain Thomas Abrams, and Sergeant Kitt.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: March 13, 2019
   White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

No. 18 CV 2246 (VB)

(To be filled out by Clerk's Office)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 5/6/16

# I.  LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a *"Bivens"* action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

# II.  PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                        State                Zip Code

# III.  PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

_____

First Name          Last Name                    Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City                    State            Zip Code

Defendant 2:

_____

First Name          Last Name                    Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City                    State            Zip Code

Defendant 3:

_____

First Name          Last Name                    Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City                    State            Zip Code

Defendant 4:

_____

First Name          Last Name                    Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City                    State            Zip Code

## V.   STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____
_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____